[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 10, 2012
JOHN LEY
CLERK

No. 11-12417
Non-Argument Calendar

_____

D.C. Docket No. 7:08-cv-00069-HL


DEVONIA INMAN,

                                                    Petitioner - Appellant,

                          versus

WARDEN, GEORGIA STATE PRISON,

                                                    Respondent - Appellee.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(February 10, 2012)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Devonia Inman appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. A Georgia state court convicted Inman of malice murder, armed robbery, theft by taking, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. He contends that the trial court violated his Fourteenth Amendment right to due process and his right to present a complete defense by excluding hearsay statements implicating another man in the crimes for which he was convicted.

## I.

A Georgia grand jury indicted Inman for the September 1998 malice murder and armed robbery of a woman outside of a Taco Bell. In connection with those crimes, it also charged him with theft by taking, possession of a firearm during the commission of a crime, and possession of firearm by a convicted felon. He pleaded not guilty, and the case went to trial.

Inman wanted to introduce evidence that another man, Hercules Brown,[1] was the one and only murderer. He did not call Brown to testify, though, because Brown had told Inman's lawyer that he would invoke his Fifth Amendment privilege against self-incrimination if so called. Instead, Inman wanted to call

_____

[1]At the time of Inman's trial, Brown had been indicted for an unrelated murder and the armed robbery of a convenience store.

three witnesses. Outside the presence of the jury, Inman's lawyer summarized for the court the expected testimony of two of those witnesses. First, Inman's girlfriend's sister would testify that Brown confessed to the Taco Bell murder while they were smoking marijuana together. Second, Inman's cousin, a former Taco Bell employee, would testify that Brown had asked her to help him rob the restaurant. The third potential witness, one of Brown's life-long friends, testified outside the presence of the jury that Brown had told him that he had murdered and robbed the woman outside of the Taco Bell. The court excluded the hearsay testimony of all three witnesses, concluding that it did not pass "the smell test, much less any test for trustworthiness."

The jury then found Inman guilty on all counts and sentenced him to life imprisonment without parole for the malice murder conviction, and the court imposed other sentences for the other convictions. On direct appeal Inman argued, among other things, that the trial court violated his Fourteenth Amendment right to due process by excluding the proposed hearsay testimony. The Georgia Supreme Court "conclude[d] the trial court did not err" because that testimony did not contain persuasive assurances of trustworthiness. Inman v. State, 635 S.E.2d 125, 131 (Ga. 2006). He filed a motion for reconsideration in which he argued, among other things, that the exclusion of the hearsay testimony violated his right to

3

present a complete defense. The court denied that motion in a one-sentence order.

He petitioned the Supreme Court of the United States for a writ of certiorari, which it denied. Inman v. Georgia, 552 U.S. 828, 128 S.Ct. 42 (2007).

Inman then filed a § 2254 habeas corpus petition in federal district court, making two arguments: that the exclusion of Brown's hearsay statements violated his Fourteenth Amendment right to due process under Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038 (1973), and that it violated his right to present a complete defense under either the Sixth or Fourteenth Amendments pursuant to Holmes v. South Carolina, 547 U.S. 319, 126 S.Ct. 1727 (2006). The court denied that petition but granted a certificate of appealability on the following two issues:

> (1) whether [Inman's] Due Process rights were violated on the basis that the trial judge should not have excluded hearsay statements showing another person committed the crime because the statements were reliable; and (2) whether [Inman's] Sixth Amendment right to present a complete defense was violated when the trial judge excluded the hearsay evidence that another person committed the crime for which [Inman] was convicted.

## II.

When examining a district court's denial of a § 2254 habeas petition, we review de novo questions of law and mixed questions of law and fact, and review for clear error findings of fact. Maharaj v. Sec'y for the Dep't of Corr., 432 F.3d 1292, 1308 (11th Cir. 2005). We may not grant habeas relief on claims that were

4

previously adjudicated on the merits in state court unless the adjudication resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d).

## III.

## A.

Inman contends that the Georgia Supreme Court unreasonably applied clearly established federal law from Chambers. In Chambers, the United States Supreme Court held that the exclusion of hearsay statements critical to the defendant's defense and that "bore persuasive assurances of trustworthiness" violated that defendant's Fourteenth Amendment right to due process. 410 U.S. at 302, 93 S.Ct. at 1049. The hearsay statements at issue in Chambers were a declarant's out-of-court confessions to the crime with which the defendant had been charged, and they "bore persuasive assurances of trustworthiness" because: (1) they were "made spontaneously to a close acquaintance shortly after the [crime] occurred"; (2) each statement was "corroborated by some other evidence in the case—[including] [the declarant's] sworn confession [and] the testimony of an eyewitness"; (3) "each confession . . . was . . . self-incriminatory and

5

unquestionably against interest" and (4) "if there was any question about the truthfulness of the extrajudicial statements, [the declarant] was in the court room and was under oath. . . . [so that] [h]e could have been cross examined by the State, and his demeanor and responses weighed by the jury." Id. at 300–01, 93 S.Ct at 1048–49.

The Georgia Supreme Court's decision was not an unreasonable application of Chambers. Brown was not in the courtroom and available to testify. Nor were Brown's hearsay statements corroborated by other evidence, much less a sworn confession or eyewitness testimony.

B.

Inman also contends that the trial court violated his right to present a complete defense under Holmes by excluding the hearsay testimony about Brown's statements.[2] In Holmes, the Supreme Court held that a South Carolina rule excluding evidence of a third party's guilt based solely on the strength of the

---

[2]Although the court denied Inman's motion for reconsideration, which raised multiple issues including his right-to-present-a-complete-defense claim, in a one-sentence order, that order is still entitled to deference under § 2254(d). See Harrington v. Richter, __ U.S. __, 131 S.Ct. 770, 784–85 (2011); Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1254–55 (11th Cir. 2002).

The warden argues that Inman's Holmes-based claim was procedurally defaulted because Inman did not raise it until his motion for reconsideration. Whether it was or was not does not matter to the result.

6

prosecution's case violated the defendant's right to present a complete defense. 547 U.S. at 329–31, 126 S.Ct. at 1734–35.

The Georgia Supreme Court's decision was neither contrary to nor an unreasonable application of Holmes.  Instead of excluding the hearsay testimony about Brown's statements solely because the prosecution's case was strong, the trial court did so because those statements did not pass "the smell test, much less any test for trustworthiness."  See id. at 326, 126 S.Ct. at 1732 ("[W]ell established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury.").

**AFFIRMED.**

7